IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Vincent D. Holmes, (R13507), | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Case No. 16 C 50062 |
| v. | ) | |
| | ) | Judge Frederick J. Kapala |
| | ) | |
| Kimberly Butler, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Respondent is ordered to answer the habeas corpus petition [1], or otherwise respond by May 27, 2016. Petitioner's motion for leave to proceed *in forma pauperis* [3] is stricken as moot. Petitioner's motion for attorney representation [4] is denied without prejudice. The Clerk is instructed to alter the docket to reflect that Respondent is Kim Butler, Warden, Menard Correctional Center.

## STATEMENT

Petitioner Vincent D. Holmes, a prisoner confined at the Menard Correctional Center, has brought this *pro se* habeas corpus action pursuant to 28 U.S.C. § 2254 challenging his 2010 attempted murder, aggravated battery with a firearm, unlawful possession of a firearm, and habitual criminal convictions in the Seventeenth Judicial Circuit Court, Winnebago County, Illinois. Pending before the Court are Petitioner's motion for leave to proceed *in forma pauperis* [3], motion for attorney representation [4], and the initial review of the habeas corpus petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. [1].

Petitioner's motion for leave to proceed *in forma pauperis* [3] is stricken as moot because Petitioner has paid the five dollar filing.

Petitioner's motion for attorney representation [4] is denied as premature. Counsel is traditionally provided in a habeas corpus proceeding only if an evidentiary hearing is needed or if the interests of justice require. *See* 18 U.S.C. § 3006A(a)(2)(B); *Martel v. Clair*, 132 S. Ct. 1276, 1285 (2012); Rule 8(c), Rules Governing Section 2254 Cases. The Court must first consider Respondent's response to the habeas corpus petition before determining whether counsel is necessary.

Turning to the habeas corpus petition [1], Rule 4 requires this Court to examine the petition and supporting exhibits and dismiss a petition if it "plainly appears" that Petitioner is not entitled to relief. If the petition is not dismissed, then the Court orders Respondent to answer or otherwise

respond to the petition. Petitioner alleges his trial attorney was ineffective for failing to: (1) present a self defense argument, (2) object to improper arguments by the prosecutor, (3) object to improper jury instructions, and, (4) object to the prosecution bringing forth improper testimony. Petitioner has completed his state court proceedings and an affirmative defense is not present on the face of the petition. The Court shall leave it to Respondent to investigate any affirmative defenses she desires. Respondent is ordered to answer or otherwise respond to the habeas corpus petition.

Petitioner is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. In addition, Petitioner must send an exact copy of any filing to Chief, Criminal Appeals Division, Office of the Attorney General, 100 West Randolph Street, 12th Floor, Chicago, Illinois 60601. The original paper filed with the Prisoner Correspondent must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any paper that is sent directly to the Judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to the Petitioner.

Date: April 27, 2016